UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| CHRISTOPHER D NURICK,<br><br>Plaintiff,<br><br>v.<br><br>ELAINE CLARK,<br><br>in her official capacity as Commissioner of the Maine Department of Administrative and Financial Services,<br><br>Defendant. | ) | 1:26-cv-00572-SDN |

**ORDER**

On Sunday, November 15, 2026, Plaintiff Christopher D. Nurick filed a complaint against Elaine Clark in her official capacity as Commissioner of the Maine Department of Administrative and Financial Services, ECF No. 1, his employer ("The Department"), *id.* at 1; ECF No. 4 at 1. At 11:37pm that Sunday, Mr. Nurick filed an emergency motion for preliminary injunction and a temporary restraining order which broadly request the Court order the Department to (1) postpone the mandatory November 17, 2026, "fitness-for-duty" examination and refrain from adverse action based on his nonattendance; (2) refrain from requiring him to sign or affirm his 2024–2025 and 2025–2026 performance evaluations, or from resuming mandatory evaluation proceedings, until his pending accommodation requests are considered; (3) preserve all versions, drafts, and records of both evaluations; (4) refrain from retaliatory reliance on those evaluations; and (5) hold

an expedited hearing and set security at zero or a nominal amount.[1] ECF No. 3 at 5–6. The Defendant responded on November 16, 2026, ECF No. 4, and Mr. Nurick replied earlier today, ECF No. 6. Because of the difficult time constraints, caused in part by Mr. Nurick's delay in filing his motion, and the scant record available at this preliminary stage, the Court concludes Mr. Nurick has not met his burden to show emergency relief should issue at this time. The Court thus DENIES Mr. Nurick's motion for a temporary restraining order and preliminary injunction.[2]

"A preliminary injunction is an extraordinary and drastic remedy that is never awarded as of right." *Peoples Fed. Sav. Bank v. People's United Bank*, 672 F.3d 1, 8–9 (1st Cir. 2012) (quoting *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011)). Of the two types of preliminary relief, a temporary restraining order "is an even more exceptional remedy than a preliminary injunction." *Graham v. Costello*, No. 21-CV-00258, 2021 WL 4205603, at *1 (D. Me. Sept. 15, 2021), *report and recommendation adopted*, No. 21-CV-00258, 2021 WL 4810326 (D. Me. Oct. 14, 2021). For both types of relief, the Court considers the same four factors:

> (1) the likelihood of success on the merits; (2) the potential for irreparable harm [to the movant] if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest.

---

[1] The Court is exercising its discretion to determine the matter on the papers and without a hearing. *Int'l Paper Co. v. Inhabitants of the Town of Jay,* 672 F. Supp. 29, 33 (D.Me.1987) ("Federal Rule of Civil Procedure 65(a) does not require the Court to hold an evidentiary hearing . . . ")(citations omitted). Because the Court denies the Motion, Bond is inapplicable.

[2] In ruling on the motion as quickly as possible, the Court has done its best, but the parties should appreciate "the temporal constraints under which the district court labored." *See Bl(a)ck Tea Soc'y v. City of Bos.*, 378 F.3d 8, 15 (1st Cir. 2004).

*Calvary Chapel of Bangor v. Mills*, 459 F. Supp. 3d 273, 282 (D. Me. 2020) (quoting *Esso Standard Oil Co. (P.R.) v. Monroig-Zayas*, 445 F.3d 13, 18 (1st Cir. 2006)). The movant bears the burden of showing these factors weigh in their favor, *Esso*, 445 F.3d at 18, but the first factor holds the heaviest sway over the analysis, *see New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002) ("If the moving party cannot demonstrate that [they are] likely to succeed in [their] quest, the remaining factors become matters of idle curiosity." (quotation modified)). Trial courts enjoy wide discretion in making judgments regarding the appropriateness of preliminary injunctive relief. *Charlesbank Equity Fund II v. Blinds to Go, Inc.*, 370 F.3d 151, 158 (1st Cir. 2004).

With respect to success on the merits, Mr. Nurick has not made "a clear showing" that he is likely to succeed on the merits of his claim. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citation omitted). The statute Mr. Nurick cites affords employers an ability to require medical examination when the examination is job-related and consistent with business necessity. 42 U.S.C. § 12112(d)(4)(A). An accommodation related to a work condition suffices as a business necessity. *See Lopez-Lopez v. Robinson Sch.*, 958 F.3d 96, 105 (1st Cir. 2020). Mr. Nurick seeks an accommodation related to his use of the PRISM system to report his hours, a task his employer mandates to track employee work time, ECF No. 4 at 2–3. Mr. Nurick requests an accommodation because he is "unable to complete PRISM timesheets because of PRISM's complexity." ECF No. 3 ¶ 4. The Department seeks an examination of Mr. Nurick's claimed disability to, among other reasons, evaluate Mr. Nurick's accommodation request, ECF No. 4 at 4, and has provided legitimate, nondiscriminatory reasons for the examination. The Court therefore finds Mr. Nurick is unlikely to prevail on his requests for relief. His requests to postpone the examination and bar adverse action for nonattendance fail because the examination is

job-related and consistent with business necessity. His requests concerning the performance evaluations fail because they depend at least in part on obtaining an accommodation, and the Department needs the examination to evaluate that request. His request to preserve evaluation records fails because he has made no showing that the Department intends to destroy or alter them.

Having concluded Plaintiff has not carried his burden to demonstrate he is likely to succeed on the merits of either claim, the "remaining factors [are now] matters of idle curiosity." *New Comm Wireless Servs., Inc.*, 287 F.3d at 9. The Court briefly addresses irreparable harm, but having concluded Plaintiff is unlikely to succeed on the merits, does not address the remaining two factors. *See Calvary Chapel Belfast v. Univ. of Maine Sys.*, No. 24-cv-00392, 2025 WL 71701, at *10 (D. Me. Jan. 10, 2025).

Mr. Nurick has not shown potential for irreparable harm if this relief is denied. The First Circuit has found repeatedly that a presumption of irreparable harm is "inoperative" if the plaintiff delayed bringing suit or moving for injunctive relief. *See Voice of the Arab World* at 35; *Charlesbank Equity Fund II v. Blinds To Go, Inc.*, 370 F.3d 151, 163 (1st Cir. 2004); *see also Nat'l Parks Conservation Ass'n v. U.S. Dep't of the Interior*, 837 F. Supp. 3d 169, 210 (D. Mass. 2026). Here, Mr. Nurick first received notice that the Department required a fitness for duty examination on October 16, 2026. ECF No. 4-4 at 1. The Department placed him on administrative leave pending review of the exam. *Id.* The Department further informed Mr. Nurick the examination would be performed on November 17, 2026, in a November 10, 2026, letter. ECF No. 4-5 at 1. Despite knowledge of the pending appointment for about a month, Mr. Nurick filed his first motion in this case in the very late evening of Sunday, November 15, 2026.

Mr. Nurick has not demonstrated the likelihood of success on the merits nor the potential irreparable harm needed for the extraordinary and drastic remedy he seeks. The Court does not find Mr. Nurick demonstrated he is entitled to a temporary restraining order or preliminary injunction. *Francisco Sanchez v. Esso Standard Oil Co.*, 572 F.3d 1, 14 (1st Cir. 2009); *see also Benisek v. Lamone*, 585 U.S. 155, 158 (2018) (emphasizing courts' "equitable discretion" to award or deny preliminary relief).

## CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion for a temporary restraining order and preliminary injunction.

**SO ORDERED.**

Dated this 17th day of November, 2026.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**